IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIKIEA L. PRICE,

                 Plaintiff,

v.

ADAM AUTO SALE,[1]

                 Defendant.

ORDER

16-cv-197-jdp

---

Pro se plaintiff Mikiea L. Price has filed a complaint accusing defendant Adam Auto Sales of selling her a defective car. Because Price is proceeding pro se, I must read the allegations of the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). But a jurisdictional issue has come to the court's attention. On April 28, 2016, the clerk's office received a phone call from an attorney purporting to represent Adam Auto. The attorney questioned whether the court would have jurisdiction. This is a federal court, so I have only limited jurisdiction to hear certain types of cases. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). And regardless of whether the parties raise the issue, I "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

There are only two ways for a federal court to have jurisdiction: either under 28 U.S.C. § 1331 because the case presents a federal question, or under 28 U.S.C. § 1332 because the parties are diverse (from different states), and the amount of money at stake is greater than $75,000. This case does not appear to present a federal question, so it seems that Price must proceed under diversity jurisdiction.

---

[1] I have amended the caption to reflect the proper spelling of defendant's name.

Price has alleged that she lives in Wisconsin and that Adam Auto is located in Illinois. But to adequately plead jurisdiction, Price must state Adam Auto's corporate citizenship. Generally, a company is a citizen of the state in which it was incorporated and of the state where it has its principal place of business. *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000). This is a technical requirement that Price can probably satisfy. But she has a more fundamental problem. Price must also meet the jurisdictional amount, which means she must show that there is at least $75,000 at stake in this case. However, her complaint states that there is only $21,000 at stake. Dkt. 1, at 3. That is not enough money for me to have jurisdiction over this case, even if the parties are diverse.

At this point, it looks like I do not have jurisdiction, and I must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006). But before I dismiss this case, I will give Price a chance to file an amended complaint that establishes subject matter jurisdiction. If Price cannot establish jurisdiction, she will have to pursue this matter in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Mikiea Price has until May 12, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of the case for lack of subject matter jurisdiction.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge