IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIKEA PRICE,

                Plaintiff,

v.

ADAMS AUTO SALES, INC.,

                Defendant.

OPINION & ORDER

16-cv-197-jdp

---

Pro se plaintiff Mikea Price has sued defendant Adams Auto Sales, Inc., alleging that the car she purchased was defective. Defendant's counsel, Joel A. Brodsky, has informally contacted the court numerous times to point out deficiencies in plaintiff's pleadings, but defendant failed to answer plaintiff's pleadings. Accordingly, the clerk of court entered default against defendant on May 25, 2016. Defendant has now moved to set aside the entry of default. Dkt. 15. Although informal communication with the court is no substitute for a proper responsive pleading, the court will grant the motion and set aside the default. The court will set a new answer deadline for defendant, but the court will not require that plaintiff re-serve her amended complaint.

BACKGROUND

Plaintiff filed this case on her own behalf on March 29, 2016, and paid the full filing fee. Dkt. 1. Defendant was served on April 25, 2016. Dkt. 8. On April 28, 2016, instead of formally responding to the complaint with a motion, counsel for defendant called the clerk's office by telephone to ask the court to dismiss the complaint for lack of jurisdiction. Plaintiff had failed to allege damages sufficient to satisfy the jurisdictional amount of more than

$75,000. The court addressed the issue in an order the same day, explaining the requirements for diversity jurisdiction and allowing plaintiff an opportunity to amend. Dkt. 3. She promptly did so and the court accepted her good-faith damages estimate as sufficient to establish jurisdiction on May 11, 2016. Dkt. 7.

Based on plaintiff's proof of service of the original complaint, Dkt. 8, the court docketed defendant's answer deadline as May 16, 2016, which was 21 days after service. *See* Fed. R. Civ. P. 12(a)(1)(i). That date passed without any responsive pleading from defendant or even a formal notice of appearance by defendant's counsel.

On May 19, 2016, attorney Brodsky filed a motion to appear pro hac vice, Dkt. 9, which the court granted. Dkt. 10. The same day, plaintiff moved for default. Dkt. 12. Another week passed without any filing from defendant, and the clerk properly entered default on May 25, 2016. Dkt. 14.

The next day, counsel for defendant again telephoned and emailed the clerk's office, insisting that the entry of default was the court's error and demanding ex parte relief. Court staff reports that attorney Brodsky was demeaning, combative, unrelenting, and rude. The clerk's office directed counsel to file a motion to set aside the default. Attorney Brodsky did so, Dkt. 15, contending that defendant was not in default, that the entry of default was the court's error, and that he should not have to file any motion to get the default set aside.

ANALYSIS

Under Federal Rule of Civil Procedure 55(a), where a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter [defendant's] default." Setting aside an entry of default requires "good cause for the

defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

Defendant showed prompt action by filing its motion to set aside the entry of default the day after it was entered. And although defendant does not bother with the merits of any substantive defense, the court will assume that it has some colorable defense to the claims against it, which is all the court has to determine at this point.

However, defendant's explanation for the default is weak. Defendant offers an explanation for why it did not answer the *amended complaint*, but it fails to explain why it did not answer or move to dismiss the *original complaint*. A phone call to the court pointing out that there is a jurisdictional deficiency in a complaint is not a substitute for a responsive pleading. Defendant should have filed an answer or a motion to dismiss the original complaint by May 16. That filing did not have to be elaborate, but a phone call was not enough.

Defendant contends that the amended complaint was never served, but at best that is true in only the most technical sense. The amended complaint was never mailed to defendant, but by the time counsel appeared pro hac vice (May 19, 2016), the amended complaint and May 11 order accepting plaintiff's supplemental allegations were both on the electronic docket, visible to counsel. If defendant had any objections to the court accepting these supplemental allegations, or plaintiff's motion for entry of default, it could have stated them in a formal motion. It failed to do so.

Because the facts of record establish defendant's default, any deficiencies in plaintiff's affidavit in support of her motion for default are of no consequence. The court construes pro se litigants' filings generously. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). And

defendant's inaction may be "shown by affidavit *or otherwise*." Fed. R. Civ. P. 55(a) (emphasis added). The bottom line is that defendant has been aware of this case since April 25, 2016, but it has failed to plead or otherwise defend against it, attempting instead to contact the clerk's office ex parte for relief multiple times.

Nevertheless, the court will grant defendant's motion and set aside the default because defendant has not completely ignored the case and plaintiff will not be greatly prejudiced by the delay. Plaintiff will not be required to re-serve her pleadings. The court will regard the original complaint and the amended complaint together as the governing complaint. Defendant must answer within 14 days of this order.

One last point. The staff of the clerk's office is available to assist litigants and their counsel, but the clerk's office cannot provide substantive relief. Any further communication with the clerk's office to request substantive relief will be regarded as an inappropriate ex parte communication. All communication with the clerk's office for any kind of assistance must also be civil, and communication that is demeaning, combative, or rude will be subject to sanction from the court.

ORDER

IT IS ORDERED that defendant's motion to set aside the entry of default, Dkt. 15, is GRANTED. Defendant is ordered to answer by June 22, 2016.

Entered June 8, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge