```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
```

MIKIEA L. PRICE,

                            Plaintiff,

  v.                                                       ORDER

ADAM AUTO SALES,                             16-cv-197-jdp

                            Defendant.

Pro se plaintiff Mikiea Price contends that defendant Adam Auto Sales sold her a defective car. Dkt. 1 and Dkt. 6. The issue before me is where this case should be litigated. Price lives in the Western District of Wisconsin, but Adam Auto Sales is a citizen of Illinois. Adam Auto Sales moves to dismiss the case or to transfer it to the Northern District of Illinois. Dkt. 17. It contends that venue in the Western District of Wisconsin is improper under 28 U.S.C. § 1391(b). It also moves to strike Price's sur-reply filed in opposition to the motion to dismiss. Dkt. 21. I will grant Adam Auto Sales' motion to dismiss or transfer and deny its motion to strike as moot. But I will not dismiss Price's claim. Instead, I will transfer it to the Northern District of Illinois.

ALLEGATIONS OF FACT

On a motion to dismiss for improper venue, I consider the allegations in the complaint and evidence submitted with the motion. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011). I will accept as true the allegations in the complaint unless they are contradicted by evidence. *See id.* I will resolve all factual disputes

and draw all reasonable inferences in Price's favor. *Id.* at 806. The following allegations are undisputed.

Price is a citizen of Wisconsin. Adam Auto Sales is a citizen of Illinois operating in Chicago. In 2015, Price bought a used car from Adam Auto Sales. As she drove the car back to Madison, Wisconsin, the check engine light came on. She took the car to a dealer who told her that there were problems with the car. She then drove the car back to Adam Auto Sales for repair. Adam Auto Sales claimed to have fixed the car, but when Price took it back to the dealer, she learned that it still was not fixed.

This court has jurisdiction over the case under 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy.

ANALYSIS

A. **Motion to dismiss or transfer**

Adam Auto Sales contends that venue is improper in the Western District of Wisconsin, and so it has moved to dismiss or transfer the case to the Northern District of Illinois where, it argues, the case is properly venued. A civil action is properly venued in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). First, I note that venue is proper in the Northern District of Illinois because Adam Auto Sales resides in that district. But venue may be proper in more than one

2

district, 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3806 (2013 ed.), so next I must determine whether venue is proper in the Western District of Wisconsin.

Working backwards, subparagraph (3) of § 1391(b) does not allow for venue in the Western District of Wisconsin, as venue would be proper in the Northern District of Illinois, because Adam Auto Sales resides in that district. Nor does subparagraph (2) allow for venue in the Western District. When determining where a substantial part of the events or omissions giving rise to the claim occurred, courts in this circuit usually "focus on the activities of the defendant and not those of the plaintiff." *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000); *see also Burke, Warren, Mackeay & Serritella, P.C. v. Tamposi*, No. 10-cv-8267, 2011 WL 5373981, at *6 (N.D. Ill. Nov. 4, 2011) ("Generally, courts in this circuit, as well as sister circuits, focus on the activities of the defendant, not the plaintiff, in making venue decisions under § 1391(b)(2)."). Here, Price does not allege that Adam Auto Sales did anything in Wisconsin: it sold the car to her in Chicago, and it fixed (or claimed to fix) the car in Chicago. So no substantial part of the underlying events occured in the Western District of Wisconsin. Although the location of "a substantial part of property that is the subject of the action" can allow for venue, the car is not the *subject* of this action—that is, the issue is not who owns the car, but rather whether Price can recover monetary damages for events concerning the car. *Cf. Vasarhelyi v. Rojas*, No. 09-cv-6256, 2010 WL 737589, at *4 (N.D. Ill. 2010) (concluding venue was proper in the Northern District of Illinois when "[t]he sole purpose of th[e] case is to resolve ownership" of real property located in the district"); *Strasen v. Strasen*, 897 F. Supp. 1179, 1187-88 (E.D. Wis. 1995) (concluding that venue was proper in the Eastern District of Wisconsin when one of the causes of action was

3

for the recovery of property under the jurisdictional supervision of a Wisconsin circuit court in the district).

Finally, subparagraph (1) does not allow for venue in the Western District of Wisconsin, either, because Adam Auto Sales does not reside here. Under § 1391(c)(2) and (d), a corporation like Adam Auto Sales resides in any district "within which its contacts would be sufficient to subject it to personal jurisdiction." Here, venue would be proper in the Western District of Wisconsin if Adam Auto Sales' contacts with the Western District "directly relate to the challenged conduct or transaction," i.e., specific personal jurisdiction, *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010); or if Adam Auto Sales is "essentially at home" in the Western District, i.e., general personal jurisdiction, *see, e.g.*, *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). Price has not alleged facts showing that this court has specific or general jurisdiction over Adam Auto Sales. Adam Auto Sales, a business operating in Chicago, Illinois, is clearly not "at home" in the Western District of Wisconsin. And Adam Auto Sales' alleged contact with the Western District (its sale to Price) is not significant enough to establish specific personal jurisdiction: Price alleges no facts showing that Adam Auto Sales "purposefully avail[ed] itself of the privilege of doing business" within the Western District. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

The next question is whether I should dismiss this case for improper venue or transfer it. Section 1406(a) provides that when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." I have "broad discretion to grant or deny a motion to transfer the case" under § 1406(a). *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). As explained above, Price's claim could have been brought in the Northern District of Illinois. I will transfer the

4

case to that district to spare Price, a pro se litigant, the unnecessary burden of refiling her claim there.

**B. Motion to strike**

The parties argue extensively about whether Price lived in Chicago when she bought the car. This is the sole issue addressed in Price's sur-reply, which Adam Auto Sales has moved to strike. But "the residence of the plaintiff is irrelevant under Section 1391." Wright et al., *supra*, § 3805. Whether Price lived in Chicago does not change the venue analysis. So I will deny Adam Auto Sales' motion to strike as moot.

ORDER

IT IS ORDERED that:

1. Defendant Adam Auto Sales' motion to dismiss or transfer this case, Dkt. 17, is GRANTED.

2. Defendants' motion to strike plaintiff Mikiea Price's sur-reply, Dkt. 21, is DENIED as moot.

3. This case is transferred to the United States District Court for the Northern District of Illinois.

Entered December 15, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge